**Lance Eugene WILSON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. 23607.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 31, 2001.

Motion for Rehearing or Transfer
Denied June 14, 2001.

Application to Transfer Denied
Aug. 21, 2001.

Mark A. Grothoff, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephanie Morrell, Assistant Attorney General, Jefferson City, for Respondent.

GARRISON, Judge.

Lance Eugene Wilson ("Movant") appeals from the denial of his Rule 29.15[1] motion following an evidentiary hearing. On appeal, Movant alleges that the motion court clearly erred in denying his claim that his trial counsel was ineffective for failing to object to testimony presented by the State. We affirm.

On January 8, 1996, Officer Steven Cunningham ("Officer Cunningham") of the Lebanon Police Department stopped Movant after he observed his car weaving. As a result of field sobriety tests and the odor of intoxicants on Movant's breath, Officer Cunningham arrested him for driving while intoxicated. During a subsequent search of Movant's vehicle, Officer Cunningham discovered a pint bottle of whiskey.

Movant was taken to the sheriff's department and given Miranda warnings. Movant agreed to speak with Officer Cunningham and was asked questions in conjunction with the preparation of an alcohol influence report. Officer Cunningham asked him if he was taking any tranquilizer pills or medicine of any kind. Movant stated that he had a cold and was taking cold medication. Movant also told him that he had been driving and that he was under the influence of alcohol, but that he had not been drinking. Officer Cunningham asked Movant to take a breathalyzer test, but he refused.

Movant was charged by amended information, as a prior and persistent offender, with the class D felony of driving while intoxicated in violation of Section 577.010. A jury found him guilty, and he was sentenced to ten years imprisonment. His conviction was affirmed on appeal in March 1999. Movant, thereafter, filed a

Rule 29.15 motion for post-conviction relief, which was later amended. The motion court denied relief following an evidentiary hearing. Movant appeals.

Review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Vinson,* 800 S.W.2d 444, 448 (Mo. banc 1990); *George v. State,* 973 S.W.2d 114, 115 (Mo. App. S.D.1998).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Kelley,* 953 S.W.2d 73, 91 (Mo.App. S.D.1997). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. There is a strong presumption that counsel's performance constituted sound trial strategy. *Cardona–Rivera v. State,* 33 S.W.3d 625, 628 (Mo.App. S.D.2000).

In his sole point on appeal, Movant contends that the motion court erred in denying his Rule 29.15 motion for post-convic-

---

1. All rule references are to Missouri Rules of Criminal Procedure (2001), and all statutory references are to RSMo 2000, unless otherwise indicated.

tion relief in that his trial counsel was ineffective for failing to object to the State's redirect examination of Officer Cunningham regarding Movant's reasons for refusing to take the breathalyzer test. Movant argues that those questions were designed to call attention to Movant's post-arrest silence.

Movant alleges that the following testimony during the redirect examination of Officer Cunningham was prejudicial and should have been objected to by his trial counsel:

> [Prosecutor]: Did [Movant] ever tell you that he didn't want to take [the breathalyzer test] because he didn't think it was operating properly?
>
> [Officer Cunningham]: No, sir.
>
> [Prosecutor]: Did he ever give you a reason why he didn't want to take it?
>
> [Officer Cunningham]: Not that I recall.
>
> [Prosecutor]: Would you have noted that?
>
> [Officer Cunningham]: Probably.

During the evidentiary hearing, Movant's trial counsel testified as to why he did not object to the State's line of questioning:

> Q Do you recall the prosecutor asking [Officer Cunningham] questions about [Movant] giving a reason or excuse a lot the time [sic] for his refusal to submit to a breathalyzer test?
>
> A Yes.
>
> Q And was [Movant] under arrest at the time that he refused to submit to the breathalyzer?
>
> A Yes.
>
> Q And at the time of the trial did you recognize that last questioning to be directed toward his silence after his arrest?
>
> A No, I did not. It was my understanding that he had already, never in-voked the right to remain silent, answered several questions on the alcohol influence report and others and he had never invoked that right to my knowledge. That's why I didn't object.
>
> Q Of course, he is entitled to invoke his right at any time after his arrest, is that correct?
>
> A That's correct, my understanding was that he had not.
>
> Q Did you recognize at the time that what those questions the [S]tate was suggesting that [M]ovant should have spoken up and said something at that time and why he was refusing the breathalyzer test?
>
> A My understanding what they were trying to do was, we had brought up or the questions to [Officer Cunningham] that a person might refuse to submit for any number of reasons other than the fact that they believed they were positive and it was my understanding [Movant] did not want to testify as to why he refused and so, at that point I believe in my mind I opened the door for the [S]tate to ask those questions. And [Movant], it's my understanding did not want to take the stand himself, because of the prior convictions, to refute that. I didn't believe I had any basis to object at that point.
>
> Q So the answer to that question then is that you did recognize that was calling for comments about his—
>
> A No, they were, I didn't believe they were calling into question his right to remain silent, I didn't think he invoked that right. I understand what they were asking. I didn't think it imposed on his rights or I would have objected. That's what I am trying to say.

Trial counsel further testified:

> Q Now, you've discussed a little bit about the reasons why [Movant] might not take a breathalyzer test?

A  Yes.

Q  When did you first start, put it this way, educating the jury as to why a defendant might refuse to [sic] a breathalyzer?

A  Tried to do it during jury selection.

Q  Part of your trial strategy then to show or educate the jury that there might be reasons why a person would not take a breathalyzer unrelated to the fact that that person was intoxicated?

A  Yes. I felt I had to do that because it was my understanding that [Movant] did not want to testify and therefore he couldn't say himself why he refused and I knew that refusal was coming in, so I had to try to do that at all stages of the trial.

■ The mere failure to object does not constitute ineffective assistance of counsel. *State v. Lumpkin*, 850 S.W.2d 388, 395 (Mo.App. W.D.1993). "The movant must prove that a failure to object was not strategic and that the failure to object was prejudicial." *Cardona–Rivera*, 33 S.W.3d at 628. Counsel will not be deemed ineffective for failing to make non-meritorious objections. *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998).

■ As a general rule, the state may not use a defendant's post-arrest silence, following the receipt of Miranda warnings, as either substantive evidence of guilt or for impeachment. *State v.. Ogle*, 967 S.W.2d 710, 712 (Mo.App. S.D.1998). However, if a defendant does not elect to remain silent, comment on silence as to certain matters is admissible. *State v. White*, 941 S.W.2d 575, 580 (Mo.App. E.D. 1997).

■ In the instant case, trial counsel was not ineffective for failing to object to the State's redirect examination of Officer Cunningham regarding Movant's reasons for refusing to take the breathalyzer test.

As aforementioned, at the police station, Movant, after having been given his Miranda warnings, responded to several questions posed by Officer Cunningham. Movant indicated that he had taken some cold medication, that he was under the influence of alcohol, and that he had been operating a motor vehicle. Officer Cunningham also testified that following the questioning, Movant refused to take a breathalyzer test. On redirect examination, Officer Cunningham further testified that Movant did not give any reasons why he did not want to take the breathalyzer test. Here, Movant's right to remain silent was waived once he began answering Officer Cunningham's questions. *See Ogle*, 967 S.W.2d at 713; *White*, 941 S.W.2d at 580. As a result, all speech, or non-silence, by him could have been admitted into evidence and remarked on, and even testimony describing Movant's silence was a "fair subject for comment." *White*, 941 S.W.2d at 580. *See also State v. Hutchison*, 957 S.W.2d 757, 763 (Mo. banc 1997) ("A defendant who voluntarily speaks after receiving Miranda warnings may be impeached not only with his own statements but also with his 'selective silence.' ").

Further, trial counsel testified at the evidentiary hearing that part of his trial strategy from voir dire until closing argument was to minimize and explain that Movant may have had other reasons for refusing to take the breathalyzer test, which were unrelated to being intoxicated. The State's questions to Officer Cunningham were countering those arguments and were proper questions in light of the fact that Movant did not invoke his right to remain silent. Consequently, trial counsel cannot be held ineffective for failing to object to a proper line of questioning.

The motion court did not clearly err in denying Movant's Rule 29.15 motion as he

has failed to establish that trial counsel was ineffective and that he was thereby prejudiced. The judgment of the motion court is therefore affirmed.

MONTGOMERY and RAHMEYER, JJ., concur.