**Paul E. WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65494.**

Missouri Court of Appeals,
Western District.

Nov. 14, 2006.

Matthew J. O'Connor, Kansas City, MO, attorney for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell and Roger Johnson, Assistant Attorneys General, Jefferson City, MO, attorneys for Respondent.

Before SMITH, C.J., and BRECKENRIDGE and SMART, JJ.

EDWIN H. SMITH, Chief Judge.

Paul E. Williams appeals from the motion court's order overruling, after an evidentiary hearing, his Rule 29.15[1] motion for post-conviction relief, alleging ineffective assistance of counsel on three grounds, seeking to vacate, set aside, or correct the judgment of his convictions in the Circuit Court of Jackson County for attempted assault in the second degree, in violation of § 565.060,[2] and armed criminal action (ACA), in violation of § 571.015. As a result of his convictions, the appellant was sentenced as a prior, persistent, and dangerous offender, as provided in §§ 557.036 and 558.016, to concurrent terms of seven and five years, respectively, in the Missouri Department of Corrections.

The appellant raises three points on appeal in which he claims that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of counsel on three grounds. He claims that the motion court clearly erred in denying his Rule 29.15 motion because its findings of fact and conclusions of law, determining that he did not receive ineffective assistance of counsel for his trial counsel's: (1) failure to object to Count I of the State's amended information, charging him with attempted second-degree assault, because it did not allege, as required by due process, an essential element of the offense charged, that the appellant "engaged in a substantial step toward the commission of the offense"; (2) failure to object to Count III of the State's amended information, charging him with ACA, because it did not allege, as required by due process, an essential element of the offense charged, a culpable mental state; and (3) advising him that he should not testify at trial, were clearly erroneous.

## Facts

On May 9, 2001, Marva Mosley, the victim, called 911, claiming that the appellant, with whom she was romantically involved, had kicked open the door of her home, located at 3018 Highland, Kansas City, Jackson County, Missouri, and struck her in the mouth with his fist, and that he had a gun. Two Kansas City, Missouri, police officers responded to the call.

When the officers arrived at the victim's residence, they observed the appellant running out the front door of the victim's house and getting into a vehicle parked parallel on the street. They also observed the victim running into the street, standing in front of the appellant's vehicle, and trying to get their attention by waving her arms and pointing to the appellant's vehicle.

In the process of trying to leave, the appellant drove toward the victim. As he

---

1. All rule references are to the Missouri Rules of Criminal Procedure, 2006, unless otherwise indicated.

2. All statutory references are to RSMo, 2000, unless otherwise indicated.

did, she put her hands on the hood of his vehicle and attempted to run backwards. Not being able to keep up, the appellant struck her with his vehicle, throwing her onto the hood. She rolled off of the hood on the passenger side, rolling approximately two times. The appellant then left the scene with the officers in pursuit. The pursuit lasted for only a few blocks, before the appellant was stopped and arrested.

In her signed statement to the police, the victim claimed: "[The appellant] drove the car into the street and ran into me. I landed on top of the hood and he just kept on going." Consistent with her statement to the police, she alleged in her application for an *ex parte* order of protection, which was filed and granted on May 10, 2001, that on May 9, 2001: "[The appellant] was trying to run me over with his car. He hit me and physically prevented me from using the phone to call for help." Approximately one to two weeks later, the victim recanted the statement she gave to the police in an affidavit to the appellant's attorney.

On July 27, 2001, the appellant was charged by amended information in the Circuit Court of Jackson County, as a prior, persistent, and dangerous offender, with attempted second-degree assault, third-degree assault, and ACA. The appellant's case proceeded to a bench trial on August 20, 2001. At trial, the victim testified, *inter alia*, for the defense that she had lied to the police about what had occurred on May 9, 2001, because she "wanted [the appellant] to get in trouble" due to her being angry with him for talking to another female. She admitted that he did not kick in her door, that he actually had a key; that he did not hit her; and that he did not have a gun. She also testified that she was not struck by the appellant's vehicle; rather, she jumped onto the hood of the vehicle because she

thought it would keep the appellant from driving away. She testified that at the time of the incident she was trying to prevent the appellant from leaving the scene so that the police could arrest him. In that regard, she testified that she jumped onto the hood of the appellant's vehicle "because [she] saw it done on TV, and [she] thought it was pretty easy to do that."

The appellant was found guilty by the trial court on Count I of attempted assault in the second degree, and on Count III of ACA. On November 26, 2001, he was sentenced, as a prior, persistent, and dangerous offender, to concurrent terms of seven years and five years, respectively, in the Missouri Department of Corrections. The appellant appealed to this court, and, after opinion on April 22, 2003, affirming his convictions, we transferred his case to the Missouri Supreme Court. The Court affirmed the appellant's convictions on January 13, 2004, in *State v. Williams*, 126 S.W.3d 377 (Mo. *banc* 2004).

On May 25, 2004, the appellant timely filed, in the Circuit Court of Jackson County, a Rule 29.15 motion for post-conviction relief, seeking to vacate and set aside his convictions, alleging that he received ineffective assistance of trial counsel on three grounds. The appellant's motion was taken up and heard on February 17, 2005. On April 14, 2005, the motion court issued its findings of fact and conclusions of law, and entered its order overruling the appellant's motion.

This appeal follows.

### Standard of Review

Appellate review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether its findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Johnson v. State*, 189 S.W.3d

640, 644 (Mo.App.2006). "Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made." *Johnson v. State*, 189 S.W.3d at 644.

### Ineffective Assistance of Counsel— *Strickland* Test

The appellant claims that he received ineffective assistance of counsel on three grounds. In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* The *Strickland* test requires proof by a preponderance of the evidence that: (1) counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, *id.*, and (2) the movant was prejudiced as a result of the deficient performance, *Edgar v. State*, 145 S.W.3d 458, 461 (Mo.App.2004). If either prong is not satisfied, then we need not consider the other prong, and the claim of ineffective assistance of counsel must fail. *Id.*

To satisfy the first prong of the *Strickland* test, the performance prong, the movant must identify trial counsel's specific acts or omissions that were not in conformance with the range of competent representation, or that were the result of unreasonable professional judgment. *Johnson v. State*, 189 S.W.3d at 644–45. To satisfy this prong, the movant must overcome the presumption that the challenged action was sound trial strategy. *Id.* at 645. There is no one definition of "trial strategy." *Id.* We therefore "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* (internal quotation marks and citation omitted).

To satisfy the second prong of the *Strickland* test, the prejudice prong, the movant must show "a reasonable probability that, but for the counsel's alleged deficiencies, the result of the proceedings would have been different." *Edgar v. State*, 145 S.W.3d at 461. "[S]imply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, the appellant must show that, absent the error, there is a reasonable probability that he would have been found not guilty." *Johnson v. State*, 189 S.W.3d at 645.

▬ The appellant claims that his trial counsel was ineffective for failing to object to the sufficiency of Counts I and III, yet "[i]neffective assistance of counsel is rarely found in cases of a failure to object." *Worthington v. State*, 166 S.W.3d 566, 581 (Mo. *banc* 2005). Failure to object will only be deemed ineffective assistance of counsel "when the defendant has suffered a substantial deprivation of his right to a fair trial." *Id.* "If a failure to object to a statement is based on reasonable trial strategy, then no ineffective assistance of counsel can be shown." *Goudeau v. State*, 152 S.W.3d 411, 418 (Mo. App.2005) (internal quotation marks and citation omitted). "The movant must prove that a failure to object was not strategic and that the failure to object was prejudicial." *Wilson v. State*, 50 S.W.3d 885, 889 (Mo.App.2001) (internal quotation marks and citation omitted). Counsel is not required to make non-meritorious objections, *Goudeau v. State*, 152 S.W.3d at 418, and "counsel is not ineffective for failing to make nonmeritorious objections." *Worthington v. State*, 166 S.W.3d at 581 (citation omitted).

### I.

In Point I, the appellant claims that the motion court clearly erred in denying his

Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of trial counsel, because the motion court's findings of fact and conclusions of law, determining that he did not receive ineffective assistance of counsel for his trial counsel's failure to object to Count I of the State's amended information, charging him with attempted second-degree assault, since it did not allege, as required by due process, an essential element of the offense charged, that the appellant "engaged in a substantial step toward the commission of the offense," were clearly erroneous. We disagree.

■■■■ Rule 23.01(b)(2) mandates that an information: "State plainly, concisely, and definitely the essential facts constituting the elements of the offense charged including facts necessary for any enhanced punishment[.]" Hence, to be legally sufficient, an "information must contain the essential elements of the offense charged as set out in the statute or statutes that define the offense." *State v. Briscoe,* 847 S.W.2d 792, 794 (Mo. *banc* 1993). As stated in *State v. Nicholson,* 839 S.W.2d 593, 595 (Mo.App.1992), the purposes of an information are: "first, to inform the defendant of the charges filed against him so he can adequately prepare his defense; second, to preclude his retrial on the same issues; and third, to allow the trial court to determine whether sufficient facts are alleged to support the conviction." (Citations omitted.)

> The Sixth Amendment of the U.S. Constitution and article I, section 18(a) of the Missouri Constitution require that a criminal defendant be given notice of the charge or charges against him to allow him the opportunity to adequately prepare a defense. The charging instrument, the information or indictment, serves that purpose. Thus, as a general rule, due process mandates that a criminal defendant may not be convicted of an offense not expressly charged in the information or indictment.

*State v. Collins,* 154 S.W.3d 486, 494 (Mo. App.2005) (citations omitted).

■■ In Count I of the State's amended information, the State charged the appellant with assault in the second degree, in violation of § 565.060. The State alleged in Count I:

> [T]he defendant, **Paul E. Williams,** in violation of Section 565.060, RSMo, committed the **Class C Felony of Assault in the Second Degree,** punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about 05/09/2001, in the County of Jackson, State of Missouri, the defendant *attempted* to cause physical injury to Marva Mosley by means of a dangerous instrument, to wit: a car.

(Emphasis added as to "attempted" only.) Attempt crimes are governed by § 564.011, which reads, in pertinent part: "1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." Hence, a "substantial step" is presently an essential element of an attempt-based assault charge. *State v. Williams,* 126 S.W.3d 377, 381 (Mo. *banc* 2004). As such, under the present law, to charge attempted assault, in violation of § 565.060, the State must allege, *inter alia,* facts constituting the element of a substantial step.

There is no dispute that Count I of the State's amended information, charging the appellant with attempted assault, does not allege a substantial-step element. However, the State contends that at the time the appellant was charged and tried, Count I tracked "word-for-word" the approved pattern charge, MACH–CR 19.04 (9–1–01), for charging second-degree assault, under

§ 565.060, such that pursuant to Rule 23.01(b), it was not deficient as claimed by the appellant. Rule 23.01(b) reads, in pertinent part: "All indictments or informations that are substantially consistent with the forms of indictments or informations that have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)." Given the fact that Count I of the amended information was not deficient, as alleged by the appellant, under the then existing law, for failing to allege the substantial-step element, the State contends that the appellant's trial counsel was not deficient for failing to object to the sufficiency of Count I on that basis, in that counsel cannot be convicted of being deficient for failing to make a non-meritorious objection. *Worthington v. State*, 166 S.W.3d at 581. We agree.

In his direct appeal to the Missouri Supreme Court, the appellant claimed, *inter alia*, that:

> the amended information was insufficient because it did not allege that he engaged in a "substantial step" toward the commission of the assault and it failed to identify the facts constituting the substantial step toward commission of the underlying offense ... [and] that this alleged defect impaired his ability to prepare a defense.

*State v. Williams*, 126 S.W.3d at 381. In determining whether the amended information was insufficient for failing to allege a substantial step in charging the appellant with attempted assault, the Court first noted that the information "followed, word-for-word, MACH–CR 19.04, the pattern charge [for charging attempted assault] in effect at the time Williams was charged and tried." *Id.* The Court also noted that MACH–CR 19.04 was not amended, to require that a charge of attempted assault include a description of the conduct consti-

tuting the substantial step, until *after* the Court had decided *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999), with the amendment not being effective until September 1, 2001. *Id.* Having found that Count I tracked, word-for-word, the version of MACH–CR 19.04 in effect at the time the appellant was charged and tried, the Court concluded that he "was properly charged with second-degree assault in the amended information." *Id.*

▮ In claiming as he does in this point, it is apparent that the appellant is simply trying to re-cast, in the context of an ineffective assistance of counsel claim, the same issue he raised on direct appeal, the sufficiency of Count I of the amended information, which was decided against him by the Court. It is well settled that a post-conviction proceeding cannot be used as a substitute for a direct appeal. *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992). "Rule 29.15 cannot be used to obtain postconviction review of matters which were or should have been raised on direct appeal." *Id.* In other words, the appellant is not entitled to two bites at the same apple under the guise of post-conviction review. *Id.* And, even if he were, he still could not succeed on this point in that the Court, in the appellant's direct appeal, found that Count I was not insufficient as he claims as an underlying basis for his ineffective assistance of counsel claim, such that his counsel could not be deficient for failing to object to it on that basis, in that, as we noted, *supra*, trial counsel is not deficient for failing to make a non-meritorious objection. *Worthington v. State*, 166 S.W.3d at 581.

In an apparent attempt to circumvent the clear holding of the Court in his direct appeal and obtain a Mulligan, or do-over, on the issue of the sufficiency of Count I, the appellant contends that his trial counsel should have objected below to the suffi-

ciency of Count I, and if he had, the appellant "would not have been subjected to 'plain error' review ... under the nearly impossible standard set forth in *Parkhurst*, 845 S.W.2d at 35," such that the outcome of his direct appeal would have been different as to this issue—in other words, that the Court, under a different standard of review, would have found that Count I was not sufficient and would have reversed. In so contending, the appellant misunderstands the performance and prejudice components of the *Strickland* test for determining ineffective assistance of *trial* counsel where the movant is claiming that his counsel is deficient for failing to object to an alleged insufficient information.

■■■ The basis of the appellant's claim of ineffective assistance of counsel in this point, as to the performance prong of the *Strickland* test, is that Count I was insufficient for failing to allege a substantial step such that his trial counsel, acting as a reasonably competent attorney, under the same or similar circumstances, should have objected. Of course, such an objection, if made, would have to have been ruled upon by the trial court. And, because we will not convict trial counsel of being deficient for failing to make an non-meritorious objection, *id.*, the only way that the appellant could carry his burden at the motion hearing, as to the performance prong of his claim, was to show that Count I was, in fact, insufficient as alleged, requiring the trial court to sustain trial counsel's objection and take the requisite remedial action. The appellant, however, does not couch his claim of ineffective assistance of trial counsel in this point in that context, but instead chooses to focus on the irrelevant issue of what standard of review the Court employed in the appellant's direct appeal as to the issue of the sufficiency of Count I. In doing so, the

appellant is essentially claiming that his trial counsel was deficient for failing to properly preserve for appeal the issue in question by objecting at trial in order to avoid what he deems to be the more onerous *Parkhurst* actual-prejudice review on direct appeal, which we discuss, *infra*. This ignores the well settled proposition that the failure of trial counsel to preserve an issue for appeal, by objecting at trial, resulting in appellate review, if any, for plain error under Rule 30.20, is not cognizable under Rule 29.15 for post-conviction relief. *State v. Thompson*, 955 S.W.2d 828, 831 (Mo.App.1997); *State v. Lay*, 896 S.W.2d 693, 702–03 (Mo.App.1995); *see also State v. Beckerman*, 914 S.W.2d 861, 864 (Mo.App.1996). Post-conviction relief for ineffective assistance of counsel is limited to errors of trial counsel, which prejudiced the defendant by denying him a fair trial. *State v. Thompson*, 955 S.W.2d at 831. Regardless of how the appellant tries to spin his claim of ineffective assistance of counsel in this point, it is not cognizable.

Even if the appellant's claim was cognizable, unless he can show that Count I of the amended information was insufficient, as alleged, such that if his trial counsel would have objected at trial, as the appellant claims he was obligated to do, the objection should have been sustained by the trial court, he cannot satisfy the performance prong of the *Strickland* test. In framing his claim of ineffective assistance of counsel in this point, it would appear that the appellant was anticipating that the Court's holding in his direct appeal, that Count I was not insufficient, would doom his claim that his trial counsel was deficient for failing to object below to Count I unless he could frame it in terms of what was the proper standard of review that should have been employed by the Court on appeal if his trial counsel was not deficient at trial for not objecting to Count I. Otherwise, it was reasonable for him to

anticipate that we would simply find, in our review, that the Missouri Supreme Court had already determined that Count I was not insufficient such that his trial counsel could not be found deficient for failing to object to it at trial, satisfying the performance prong of the *Strickland* test. As we determined, *supra*, the appellant's framing of his claim in terms of what standard of review was employed by the Court on direct appeal is misguided. However, even if the appellant's claim were cognizable in that context, it would still fail, in that, contrary to the appellant's claim, the *Parkhurst* actual-prejudice analysis did not affect the Court's determination that Count I was not deficient, as alleged by the appellant.

 The appellant is correct when he asserts that a defendant who claims for the first time on appeal that an information is insufficient because the State failed to allege an essential element of the offense is required to show "actual prejudice" to be entitled to relief. In *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. *banc* 1992), the Court held exactly that. To demonstrate actual prejudice on appeal, the defendant must show that: "(1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced." *Id.* However, any logical reading of *State v. Parkhurst* makes it clear that the actual-prejudice analysis does not come into play unless and until it can be demonstrated that the information was, in fact, defective, and the question becomes whether it was so defective as to constitute prejudice to the appellant, as defined by the *Parkhurst* Court, mandating *appellate* relief. *Id.* Obviously, if the appellate court determines that the information was not defective, as

claimed, it never reaches the issue of actual prejudice in that there is no deficiency to cause prejudice. Hence, contrary to the appellant's contention, the Court's review of *the sufficiency of Count I of the amended information* in his direct appeal was not under the *Parkhurst* actual-prejudice standard of review.

A careful reading of *State v. Williams*, 126 S.W.3d at 381, reveals that in determining whether Count I was deficient, as alleged by the appellant on direct appeal, the Court reviewed it under the applicable law and found that it was not. The language used by the Court left no doubt that it found Count I to be sufficient without any regard for the actual-prejudice standard of *Parkhurst*, holding: "Because the amendment to the pattern charge [MACH–CR 19.04] was not effective until after Williams was charged and tried, Williams *was properly charged* with second-degree assault in the amended information." *Id.* (emphasis added). In reaching that conclusion, it is clear that the Court was simply conducting a *de novo* review of a legal question, the sufficiency of Count I. *See State v. Boone Ret. Ctr., Inc.*, 26 S.W.3d 265, 270 (Mo.App.2000) (stating that the sufficiency of an information is a question of law to be determined *de novo* by the appellate court). Admittedly, even though the Court had already found that Count I was not insufficient for failing to allege a substantial step, it did proceed to do a *Parkhurst* actual-prejudice analysis, finding that there was no actual prejudice. *State v. Williams*, 126 S.W.3d at 381–82. However, our reading of the Court's analysis reflects that the Court was rejecting the appellant's claim, as to the sufficiency of Count I, on two separate bases: (1) that Count I was not defective as alleged; and (2) even if it was, the appellant could not show actual prejudice entitling him to relief. *Id.*

Even if the appellant's claim was not plagued by the performance-prong issues discussed *supra*, dooming it to failure, his claim in this point would still fail in that he cannot satisfy the prejudice prong of the *Strickland* test, either. To show the requisite *Strickland* prejudice to establish ineffective assistance of trial counsel:

> the movant must show a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. Under this prong, simply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, the appellant must show that, absent the error, there is a reasonable probability that he would have been found not guilty.

*Johnson v. State*, 189 S.W.3d at 645 (internal quotation marks and citation omitted). In other words, as the movant in a Rule 29.15 proceeding, the appellant was charged with proving at the motion hearing, by a preponderance of the evidence, *id.*, that had his trial counsel objected at trial to Count I, the objection would not only have been sustained, but that as a result, the trial of his case would have been altered in some respect such that its outcome would have been different, in other words, that he would not have been found guilty.

 Despite his burden as to the *Strickland* prejudice prong, rather than claiming that the outcome of his trial would have been different had his trial counsel objected at trial to the sufficiency of Count I, the appellant claims that he was prejudiced by his trial counsel's failure to object to Count I as being defective in that if he would have objected, the appellant "would not have been subjected to 'plain error' review ... under the nearly

impossible standard set forth in *Parkhurst*, 845 S.W.2d at 35."[3] In other words, instead of couching his claim of ineffective assistance of counsel as to the sufficiency of Count I in the context of how an objection at trial to the sufficiency of Count I would have changed the outcome of his trial, he is claiming *Strickland* prejudice in the context of the standard of review employed by the Court in his direct appeal in deciding the issue of the sufficiency of Count I. As was the case with the performance prong of the *Strickland* test, in claiming as he does as to the prejudice prong, the appellant does not appreciate the fact that the focus in determining *Strickland* prejudice, with respect to a claim of ineffective assistance of *trial* counsel, is the effect of what trial counsel should or should not have done at trial on the outcome of the movant's case, such that he did not receive a fair trial. *State v. Thompson*, 955 S.W.2d at 831; *State v. Lay*, 896 S.W.2d at 702–03; *State v. Beckerman*, 914 S.W.2d at 864. Hence, in determining whether *Strickland* prejudice resulted from the alleged deficiency of trial counsel, the issue is not how "his trial counsel's inaction affected his ability to appeal[,]" *State v. Thompson*, 955 S.W.2d at 831, or what review was employed on direct appeal as to an underlying issue on which a claim of ineffective assistance of counsel is based, as the appellant claims in this point, but whether, but for the alleged deficiency of trial counsel, the outcome of the movant's trial would have been different. *Johnson v. State*, 189 S.W.3d at 645.

 Even if the appellant had properly asserted *Strickland* prejudice, with respect to his claim of ineffective assistance of trial counsel in this point, we fail to see how he could ever show the prejudice claimed. As

---

**3.** *Parkhurst* actual-prejudice review is not "plain error" review as the appellant claims.

Plain error review is the review provided in Rule 30.20.

discussed *supra,* to demonstrate *Strickland* prejudice, the appellant had to show at the motion hearing that had his trial counsel objected at trial to the sufficiency of Count I, the outcome of his trial would have been different. In that regard, the only allegation he makes is that had Count I alleged a substantial step, he "could have prepared a more sufficient defense," which presumably he is contending would have changed the outcome of his trial. However, the only defense he references, the preparation of which he presumably alleges was adversely affected by the failure to include the substantial-step element in Count I, is the same defense he raised at trial—that he was not trying to hit the victim with his vehicle, as charged, but that she threw herself onto his vehicle in order to prevent him from leaving the scene. The Missouri Supreme Court addressed that very issue in the appellant's direct appeal, whether the failure to include the substantial-step language in Count I impaired the appellant's ability to prepare that defense for trial. *State v. Williams,* 126 S.W.3d at 381–82. In finding that the appellant was not prejudiced by the failure of Count I to include the element of substantial step, the Court stated:

> The conduct that constituted the substantial step was Williams driving into Mosley with his car. At trial, Williams' defense was that Mosley jumped on the hood of his car. Williams neglects to explain in this appeal how the failure to include a description of the substantial step in the amended information hindered his ability to make this defense; he does not suggest an alternative defense he would have offered.

*Id.* Thus, in claiming as he does in this point, the appellant is essentially asking us to reach a different conclusion as to the prejudice occasioned by him due to the failure of Count I to include substantial step language in Count I.

In claiming that the failure of Count I to include substantial-step language prejudiced him in the preparation of his defense at trial, he does not contend that had such language been included, a different defense would have presented, but only that he would have been better able to present the defense that was presented. In support of that contention, he simply argues for a rehash of the evidence that was presented at trial and rejected by the trial court, and for an opportunity to improve on the presentation of that defense at a second trial. In other words, he is simply asking for a second chance to present the same defense at trial, hoping for a better outcome.

The appellant's *Strickland* prejudice argument ignores the fact that the same actual prejudice issue that was decided by the Missouri Supreme Court against the appellant in his direct appeal, on the issue of the sufficiency of Count I *sans* the substantial-step language, is the very same actual prejudice that underlies his ineffective assistance of counsel claim in this point, that his trial counsel was deficient for failing to object to the sufficiency of Count I, by which he was prejudiced, in that it prevented him from adequately preparing his defense at trial, causing his conviction. In other words, to find *Strickland* prejudice, as the appellant claims here, would necessitate our finding that the Supreme Court was incorrect in determining that the appellant was not actually prejudiced in the preparation of his defense at trial by the failure of Count I to include substantial-step language when, in fact, our view is totally consistent with the Court's determination. We fail to see how the appellant was prejudiced, in the context of *Strickland* prejudice, by the failure of his counsel to object to Count I for not

including substantial-step language, with respect to the defense he claims he would have otherwise presented. He presented that defense, and the trial court rejected it, even though the victim recanted her statement to the police and corroborated the appellant's defense at trial.

In summary of this point, it is obvious that in claiming as he does as to this claim of ineffective assistance of trial counsel, the appellant is simply seeking to use the Rule 29.15 procedure as a second appeal, which he cannot do. *State v. Tolliver*, 839 S.W.2d at 298.

Point denied.

## II.

In Point II, the appellant claims that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of counsel, because the motion court's findings of fact and conclusions of law, determining that he did not receive ineffective assistance of counsel for his trial counsel's failure to object to Count III of the State's amended information, charging him with ACA, since it did not allege, as required by due process, an essential element of the offense charged, a culpable mental state, were clearly erroneous. We disagree.

In Count III of the State's amended information, the State charged the appellant with ACA, in violation of § 571.015. The State alleged in Count III, in pertinent part, that:

4. Section 562.021.3 reads, in pertinent part: "if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly[.]"

[O]n or about 05/09/2001, in the County of Jackson, State of Missouri, the defendant committed the felony of Assault charged in Count One, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of Assault by, with and through the use, assistance and aid of a dangerous instrument.

Section 571.015.1 defines ACA as: "Except as provided in subsection 4 of this section, any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action."

On direct appeal of his ACA conviction to the Missouri Supreme Court, the appellant claimed, *inter alia*, that the ACA charge in Count III of the amended information was defective because: "it did not allege that he acted with the culpable mental state required for armed criminal action and did not apprise Williams of the facts constituting the charge." *State v. Williams*, 126 S.W.3d at 382. In holding that Count III was defective as claimed, relying on § 562.021.3,[4] the Court stated: "Williams correctly contends that the information should have alleged that he 'knowingly' committed second-degree assault by, with, or through the use, assistance, and aid of a dangerous instrument." *Id.* Hence, there is no dispute that Count III was defective as the appellant contends. However, even if the failure of the appellant's trial counsel to object to Count III satisfied the performance prong of the *Strickland* test,[5] to be entitled to the post-

5. The appellant incorrectly states in his brief that: "The Missouri Supreme Court correctly found that Mr. Williams' trial counsel rendered ineffective assistance of counsel by not making a timely objection as to the insufficiency of the charging document." Obviously, *State v. Williams*, 126 S.W.3d 377, was the appellant's direct appeal. The issue of trial counsel's effectiveness was not before the

conviction relief he seeks for ineffective assistance of trial counsel, he is still required to show *Strickland* prejudice—that but for the error of his trial counsel, the failure to object to Count III at trial, the outcome of his *trial* would have been different. *Wilson v. State,* 50 S.W.3d at 889.

Even though on direct appeal the Court found that Count III was defective as claimed, the appellant's request for appellate relief was denied on that issue in that the Court found that it was harmless error in that the appellant did not suffer any prejudice as a result of the defect in Count III. *State v. Williams,* 126 S.W.3d at 383. With respect to prejudice, the appellant claimed on direct appeal that: "the omission of the culpable mental state prejudiced his ability to prepare a defense in that he was unable to make an informed decision as to whether he should testify." *Id.* The Court, in rejecting the appellant's claim of prejudice, stated:

> [Williams] fails to explain how the inclusion of the culpable mental state would have affected his decision to testify. Williams' defense was that he did not run into Mosley with his car; rather, she jumped on his car. This Court has held that where the mental state is omitted from the information, when the defendant's defense is that he did not do the act, his mental state is irrelevant. While the information should have included the element of the offense of 'knowingly' or 'purposely,' Williams was not prejudiced by the omission.

*Id.* (quotation marks and citations omitted). In light of this, the State contends that, in claiming prejudice in this case, in the context of ineffective assistance of counsel, from the failure of Count III to allege a culpable mental state, the appel-

lant, as he did in Point I, *supra,* is trying to obtain a second appellate review of essentially the same issue, which he is prohibited from doing. We agree.

As to *Strickland* prejudice from the failure of Count III to include the requisite culpable mental state of "knowingly," the appellant contends in his brief that:

> Mr. Williams was indeed prejudiced by such ineffective counsel for two reasons: (1) Mr. Williams was not allowed a fair trial as defense preparation was significantly impaired; and (2) on direct appeal for the sufficiency of Count Three in the Amended Information, Mr. Williams was subjected to a more stringent standard of review under *Parkhurst* as opposed to the more favorable standard he could have received under *McCullum* had a timely objection been made. *See McCullum,* 63 S.W.3d at 249–50; *Parkhurst,* 845 S.W.2d at 35.

This is the same faulty prejudice argument he makes in Point I, *supra,* except that in Point I it was with respect to the issue of Count I being defective, rather than Count III, as in this point. As in Point I, in this point, he confuses the standard for *Strickland* prejudice, as to ineffective assistance of trial counsel, which focuses on the outcome of his trial, with what happened on direct appeal, specifically the standard of review employed by the Court. For all the same reasons discussed in Point I, his claim of prejudice in this point must fail also.

The fact is, try as he might, the appellant, as was the case on direct appeal, cannot demonstrate any prejudice from the fact that his trial counsel failed to object to Count III for failing to allege the requisite *mens rea* of "knowingly." It is

Court, and even a casual reading of the Court's opinion discloses that the Court did not make the finding of "ineffective assistance

of counsel" claimed by the appellant in his brief.

apparent that in claiming as he does in this point, the appellant is simply trying to get a second opinion on the issue of prejudice, having been denied relief by the Court on that issue on direct appeal. This he cannot do. *State v. Tolliver,* 839 S.W.2d at 298.

Point denied.

### III.

In Point III, the appellant claims that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief, as to his convictions for assault and ACA, alleging ineffective assistance of trial counsel, because the motion court's findings of facts and conclusions of law, determining that although the appellant's trial counsel was deficient for advising him that he should not testify at trial, he suffered no resulting prejudice, were clearly erroneous. We disagree.

The motion court found that the appellant's trial counsel was deficient in advising the appellant that he should not testify at trial, as claimed by the appellant in his motion. Nonetheless, the motion court denied the post-conviction relief requested by the appellant in that it concluded that he did not suffer any prejudice as a result of his failing to testify at trial in accordance with his trial counsel's advice. The appellant claims that the motion court clearly erred in finding no prejudice in that the evidence at the motion hearing clearly demonstrated that but for the erroneous advice, he would have testified at trial such that the jury would not have found that he had the requisite culpable mental state to convict him of assault, resulting in his being acquitted as to both offenses charged, assault and ACA.[6] Spe-

cifically, he claims that he would have testified, in pertinent part, concerning his defense at trial, that he did not intend to hit the victim with his vehicle, but that she jumped on the hood of his vehicle to prevent him from leaving the scene, which would have corroborated the victim's testimony at trial. In that regard, the motion court found that the appellant's "version [of his defense] was presented more than adequately by the testimony of the victim, Marva Mosley." In other words, his testimony as to his intent in striking the victim with his vehicle would be cumulative evidence, "additional evidence of the same kind bearing upon the same point." *Burns v. Elk River Ambulance, Inc.,* 55 S.W.3d 466, 483 (Mo.App.2001). Counsel will not be found ineffective for failing to introduce cumulative evidence, which has no bearing on the outcome of the case. *Marschke v. State,* 185 S.W.3d 295, 307 (Mo.App.2006).

As noted, *supra,* the victim recanted her statement to the police and testified at trial in corroboration with the appellant's defense, that he did not intend to hit her, but that she jumped on the hood of his vehicle to prevent him from leaving the scene. In convicting the appellant, the trial court obviously did not belief the victim's testimony. And, if the court did not believe the victim's testimony, we see no reasonable probability that it would have changed its mind and found the appellant not guilty of assault simply because the appellant corroborated her version of the incident at trial. The appellant's would-be testimony was cumulative of evidence already before the trial court, which would have no bearing on the outcome of the case. Hence, the motion court's findings and conclusions, that the appellant did not suffer any prejudice from his trial coun-

---

**6.** A conviction for ACA will not stand absent a conviction on the underlying felony.

§ 571.015; *State v. Meuir,* 138 S.W.3d 137, 141 (Mo.App.2004).

sel's erroneously advising him not to testify, were not clearly erroneous.

Point denied.

### Conclusion

The motion court's order denying the appellant's Rule 29.15 motion for post-conviction relief, after an evidentiary hearing, is affirmed.

BRECKENRIDGE and SMART, JJ., concur.