**Shauntay L. HENDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 74982.**

Missouri Court of Appeals,
Western District.

April 30, 2013.

Rosemary E. Percival, Kansas City, MO, for appellant.

Mary H. Moore, Jefferson City, MO, for respondent.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, LISA WHITE HARDWICK, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Shauntay Henderson ("Henderson") appeals from the motion court's denial of her Rule 29.15 motion after an evidentiary hearing. Henderson contends that the motion court erred in denying her motion because she received ineffective assistance of counsel to her prejudice in that trial counsel failed to investigate and call a witness at trial who would have supported her claim of self-defense, and that as a result, the confidence in her convictions of voluntary manslaughter and armed criminal action is undermined. We affirm.

## Factual and Procedural History[1]

On September 2, 2006, Henderson shot and killed DeAndre Parker ("Parker") at a gas station in Kansas City, Missouri. Henderson was charged as a prior offender with murder in the second degree and armed criminal action. On November 18, 2008, a bench trial was held. Henderson testified that she shot Parker in self-defense when he tried to run her over with his truck. Parker's girlfriend, Miea Bentley ("Bentley"), testified that she was in Parker's truck when Henderson walked up and shot Parker without provocation.

The trial court acquitted Henderson of murder in the second degree but convicted her of the lesser-included offense of voluntary manslaughter and armed criminal action. In announcing its verdict, the trial court explained that based on the physical evidence, it believed that Henderson believed Parker was attempting to run her over. However, the trial court found that Henderson did not act in self-defense because she failed to pursue available avenues of retreat.

On January 23, 2009, Henderson was sentenced to ten years' imprisonment on the voluntary manslaughter count. The execution of sentence was suspended and Henderson was placed on probation for a period of five years. Henderson was sentenced to three years' imprisonment on the

---

1. The facts are viewed in the light most favorable to the verdict. *State v. Donahue,* 280

S.W.3d 700, 701 (Mo.App. W.D.2009).

armed criminal action count. Henderson's convictions were affirmed by this court in *State v. Henderson*, 311 S.W.3d 411 (Mo. App. W.D.2010).

On September 7, 2010, Henderson timely filed a *pro se* Rule 29.15 motion. Henderson was appointed post-conviction counsel who timely filed an amended Rule 29.15 motion. After an evidentiary hearing, the motion court denied Henderson's motion. Henderson appeals.

## Standard of Review

"Appellate review of the trial court's action on [a] motion filed under [ ] Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). " 'The motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made.' " *Roberts v. State*, 356 S.W.3d 196, 199 (Mo.App. W.D.2011) (quoting *Clay v. State*, 310 S.W.3d 733, 735 (Mo.App. W.D. 2010)).

## Analysis

In Henderson's sole point on appeal, Henderson claims she received ineffective assistance of counsel because her trial counsel failed to investigate and call Charles Allen ("Allen") as a witness during trial. Henderson claims Allen would have corroborated her claim of self-defense, and that the failure to call Allen undermines confidence in the outcome of her trial.

To establish ineffective assistance of counsel, Henderson must prove by a preponderance of the evidence: "(1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) that [Henderson] was thereby prejudiced." *Haskett v. State*, 152 S.W.3d 906, 909 (Mo.

App. W.D.2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). If Henderson fails to demonstrate either prong of the *Strickland* test, her post-conviction motion will be denied. *Id.*

To establish the performance prong, Henderson bears a heavy burden "and must overcome a strong presumption that [her] counsel provided competent assistance." *Deck v. State*, 68 S.W.3d 418, 425 (Mo. banc 2002). Henderson must demonstrate " 'that counsel's representation fell below an objective standard of reasonableness.' " *Id.* at 426 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). To demonstrate this, Henderson "must identify specific acts or omissions of counsel that resulted from unreasonable professional judgment, and the 'court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.' " *Id.* (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). We judge the reasonableness of counsel's conduct based on the facts of each case. *Williams v. State*, 205 S.W.3d 300, 305 (Mo.App. W.D.2006).

To establish prejudice, Henderson must show that there is a reasonable probability that but for her counsel's ineffectiveness, the result would have been different. *Patterson v. State*, 110 S.W.3d 896, 900 (Mo. App. W.D.2003). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* (citations omitted). A showing of error that could have a conceivable effect on the outcome is insufficient. *Williams*, 205 S.W.3d at 305.

Here, Henderson's claim of ineffective assistance of counsel is based on her trial counsel's failure to call a witness at trial. To establish ineffective assistance of counsel on this basis, Henderson must

show that: "(1) [trial] counsel knew or should have known of the existence of the witness, (2) the witness could be located through a reasonable investigation, (3) the witness would testify, and (4) the testimony of the witness would have produced a viable defense." *Hays v. State*, 360 S.W.3d 304, 309-10 (Mo.App. W.D.2012). " 'The selection of witnesses is a virtually unchallengeable question of trial strategy.' " *Id.* (quoting *State v. Kreutzer*, 928 S.W.2d 854, 877 (Mo. banc 1996)). "The decision not to call a witness 'will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise.' " *Id.* (quoting *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004)).

Here, it is uncontested that Allen's existence was known to trial counsel; that trial counsel located Allen in federal prison; that Allen was willing to testify; and that trial counsel had Allen transported from federal prison to the Jackson County jail in preparation for his possible testimony at trial.[2] The dispositive issues, therefore, are whether Allen's testimony would have produced a viable defense and whether the decision not to call Allen to testify was a question of trial strategy.

At the evidentiary hearing on Henderson's Rule 29.15 motion, Henderson testified[3] that she told trial counsel about Allen and requested that he testify. Henderson stated that she arrived at the gas station with Allen and that he was in the store at the time of the shooting. Henderson argued that Allen could have testified that Parker tried to run her over in his truck and that she had no choice but to open fire. Henderson testi-

fied that trial counsel told her that Allen had been transported to Jackson County. Henderson believed trial counsel intended to call Allen to testify. Henderson testified that a week before trial, trial counsel told her that he had decided not to call Allen as a witness. Henderson claimed that she was "kind of" concerned about trial counsel's decision not to call Allen, but chose to rely on his expertise as a trial attorney.

Henderson admitted that she informed the court that she was satisfied with trial counsel's representation at sentencing. Henderson admitted that she did not tell the court that she was unhappy with trial counsel's decision not to call Allen as a witness when the court inquired about trial counsel's representation. Henderson also conceded that because she testified at trial, she had the opportunity to testify about the events on the day of the shooting and about what was going through her mind at the time of the shooting.

Allen testified at the Rule 29.15 motion hearing that he arrived at the gas station with Henderson. Allen stated that while he was in the store, he saw Parker trying to hit Henderson with his truck. Allen stated that Henderson was cornered when she started firing shots at Parker. Allen claimed that he relayed this account of the shooting to Henderson's trial counsel prior to trial.

Trial counsel testified that although he had spoken with and transported Allen to Jackson County so that he would be available to testify, he ultimately chose not to call Allen. Trial counsel testified that he did not call Allen as a witness because Allen did not see the shooting. Trial counsel testified that Allen told him he was in

2. Although asserted in her Point Relied On, in the argument portion of her brief, Henderson abandons her contention that counsel was ineffective for failing to investigate Allen and

argues solely that counsel was ineffective for failing to call Allen as a witness.

3. Henderson and Allen testified at the evidentiary hearing via deposition.

the store at the time of the shooting, that he heard but did not see the shooting, and that he then ran out of the store to rejoin Henderson at his vehicle. Trial counsel testified that he came to the conclusion that Allen's testimony was not helpful and that he discussed this conclusion with Henderson. Trial counsel stated, "I didn't think that I need[ed] to call [Allen] and I thought it distracted from [Henderson's] story, which I thought was real compelling."

At the close of the evidentiary hearing, Henderson argued that Allen's testimony would have bolstered her self-defense claim. In response, the motion court stated:

I remember this case clearly. I remember trying this case like it was yesterday, because it was a case of such notoriety and it was well-tried by both the prosecution and the defense. I don't mean to sound sensational, but it's kind of seared in my memory. I really do recall this in detail and *I remember the basis for my decision as to voluntary manslaughter.*

Just so you know where I'm coming from, I think *if there had been ten people who had corroborated Ms. Henderson's testimony, my decision in this case still would have been the same.* I think I even said it in my closing remarks, that while I don't dispute her angst about having the truck come at her and about my ruling about it being a voluntary manslaughter conviction, I thought she was justified in taking the action she took to an extent, but I still think she could have outmaneuvered a Ford F–150 and gotten herself out of harm's way, and it was upon that basis that I didn't give her complete self-defense and ruled as I ruled.

(Emphasis added.)

In fact, the motion court's recollection was accurate. The record from the trial pro-

ceedings indicates that the trial court announced the following when it issued its judgment:

I'm firmly convinced ... that the physical evidence is more consistent with [Ms.] Henderson's recitation of the events more so than Ms. Bentley's.... Was it an act of self-defense? Did Ms. Henderson act in lawful self-defense? Again, based upon what I've heard, the answer to that question is no.... The actor, acting in self-defense, must do everything in her power, consistent with her own safety, to avoid danger and retreat, if possible. She did not avail herself of those avenues. She had an avenue of retreat.... I do think [Henderson] thought that [Parker] was driving towards her yet again. I think that's what started this whole ugly scene. She could have escaped. She could have gotten behind that ice machine. She could have run into [the store] or she could have done as she did and just ran away. She is no match. She could have easily out-maneuvered a Ford F–150.... So I don't think that she acted in self-defense. But I do think she was scared. I do think she acted under the influence of sudden passion.

In denying Henderson's Rule 29.15 motion, the motion court found:

Movant's trial counsel testified at the evidentiary hearing that he was aware of Charles Allen and spoke with Charles Allen prior to trial. Charles Allen confirmed in his testimony that he spoke with movant's trial counsel while Allen was incarcerated in the Federal Bureau of Prisons. Mr. Allen testified that he gave movant's trial counsel all the information about movant's case that Mr. Allen knew. Movant testified that she

had talked with trial counsel concerning Mr. Allen's testimony and acknowledged that trial counsel had investigated Mr. Allen's statements. Movant's claim that trial counsel failed to investigate is unfounded and refuted by the record.

The second part of [Henderson's] amended motion claim is that movant's trial counsel was ineffective for failing to call Mr. Allen to testify at trial.... It is undisputed that trial counsel knew of the existence of Mr. Allen and what his testimony would be. Trial counsel took steps to have Mr. Allen transferred from the custody of the Federal Bureau of Prisons to the Jackson County Detentions Center so that Mr. Allen would be available if trial counsel felt he was a necessary witness. Trial counsel testified at the evidentiary hearing that after consideration of all the evidence to be presented at trial including the testimony of movant, trial counsel felt it was the best strategy not to call Mr. Allen as a witness. Movant testified that she consulted with trial counsel regarding Mr. Allen's testimony and she differed [sic] to her attorney's judgment. Movant in her pro se motion makes the statement regarding her representation: "I feel my attorney has done a great job." Movant's point is denied.

■ Henderson has not met her burden to establish that her trial counsel was ineffective for failing to call Allen as a witness at trial. In light of the trial court's belief that Henderson failed to pursue available avenues of retreat, even had Allen testified at trial as he did at the Rule 29.15 motion hearing, Allen's testimony would not have produced a viable defense. Moreover, it is clear that the motion court believed trial counsel's testimony that the decision not to call Allen as a witness was based on sound trial strategy. Henderson concedes that trial counsel discussed this decision with her prior to trial. Henderson's trial counsel was not ineffective in failing to call Allen as a witness.

Moreover, Henderson has not met her burden of establishing prejudice. It is evident that Allen's testimony at trial would not have had any bearing on the outcome of Henderson's trial.

The motion court's findings are not clearly erroneous. Point is denied.

### Conclusion

We affirm the motion court's judgment.

All concur.