STATE of Missouri, Respondent,

v.

Phillip BELTON, Appellant.

No. SC 85990.

Supreme Court of Missouri,
En Banc.

Jan. 25, 2005.

308

Kent Denzel, Office of the Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

PER CURIAM.[1]

Phillip Belton attended a gathering at Donald Adkins' home in December 1999. During the gathering, he waved a gun in the dining room, threatened to shoot Adkins in the head, and shot Adkins dead. Belton was charged with second-degree murder, section 565.021,[2] and armed criminal action, section 571.015.

---

**1.** This Court transferred this case after opinion by the Court of Appeals, Western District, authored by the Honorable Lisa White Hardwick. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

**2.** Except as otherwise indicated, all statutory citations are to RSMo 1994.

Belton was convicted by a jury of the lesser-included crime of involuntary manslaughter in the first degree, section 565.024, RSMo Supp.1999, and armed criminal action. Belton was sentenced to two consecutive five-year prison terms. On appeal, he challenges the sufficiency of the evidence to support his involuntary manslaughter conviction and alleges instructional error on the armed criminal action charge. Finding no reversible error, the judgment is affirmed.

## SUFFICIENCY OF THE EVIDENCE

 Belton contends the evidence is insufficient to convict him of involuntary manslaughter in the first degree. When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt. The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict. *State v. Tisius*, 92 S.W.3d 751, 763–64 (Mo. banc 2002).

 To convict Belton of involuntary manslaughter in the first degree, the State had to prove that he recklessly caused Adkins' death. *Section 565.024.1(1), RSMo Supp.1999.*[3] A person acts recklessly when he or she consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow and such disregard constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation. *Section 562.016.4.* Recklessness resembles knowing conduct in one respect in that it involves awareness, but it is an awareness of risk, that is, of a probability less than a substantial certainty.

*State v. Beeler*, 12 S.W.3d 294, 299 (Mo. banc 2000).

 Three witnesses testified Belton was showing off a gun and waving it around in the dining room, where Adkins was sitting at a table. Two of the witnesses left the home after they heard Belton threaten to shoot Adkins in the head. A third witness went into a bedroom because she was afraid of the gun. Upon hearing a gunshot a few minutes later, she came back into the dining room and saw that Adkins had been shot in the head. Although none of the witnesses saw the actual shooting, the evidence was sufficient to establish a reasonable inference that Belton shot Adkins.

 The State's theory focused on an intentional shooting, but the witness hearing the gunshot testified she thought it was an accident. Similarly, an inmate at a correctional facility with Belton testified that Belton admitted he "accidentally shot a guy in the head." An accidental shooting, where the irresponsible use of a gun is shown, can support a finding of recklessness. *State v. Gaskins*, 66 S.W.3d 110, 113 (Mo.App.2001). At a minimum, the evidence was sufficient to establish the shooting death occurred as result of Belton's conscious disregard for the substantial risks involved in waving a gun around and pointing it toward Adkins. The jury could reasonably conclude his conduct was reckless, in that it grossly deviated from the standard of care a reasonable person would use under similar circumstances. *See State v. Jennings*, 887 S.W.2d 752, 754 (Mo.App.1994).

The evidence was sufficient to support the jury's finding that Belton was guilty

---

**3.** In pertinent part section 565.024 states:

 1. A person commits the crime of involuntary manslaughter in the first degree if he:

 (1) Recklessly causes the death of another person. . . .

beyond a reasonable doubt of recklessly causing Adkins' death.

## INSTRUCTIONAL ERROR

Belton also contends the trial court erred in instructing the jury to consider the armed criminal action charge in connection with a guilty verdict on involuntary manslaughter in the first degree. He argues armed criminal action requires a mental state of purposeful or knowing conduct, pursuant to section 571.015.1 and section 562.021.3, RSMo Supp.1999, and, therefore, cannot be submitted with the underlying felony of involuntary manslaughter in the first degree, which requires the lower mens rea of reckless conduct.

■■ On a claim of instructional error, the Court will reverse due to instructional error if there is error in submitting an instruction and prejudice to the defendant. *State v. Westfall*, 75 S.W.3d 278, 280 (Mo. banc 2002). A defendant is prejudiced by an erroneous instruction when the jury may have been adversely influenced by it. *State v. Richardson*, 923 S.W.2d 301, 319 (Mo. banc 1996).

■■ Section 571.015 defines armed criminal action:

1.... [A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action....

The trial court instructed the jury that Belton could be found guilty of armed criminal action if the jury determined:

First, that defendant is guilty of the offense of involuntary manslaughter, as submitted in Instruction No. 6, and

Second, that defendant knowingly committed that offense by or with or through the use or assistance or aid of a deadly weapon[.]

Belton contends that section 562.021 precludes a conviction of armed criminal action where, as here, the underlying felony has a mental state of recklessness. That section provides in pertinent part:

... if the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state.

*Section 562.021.3, RSMo Supp.1999.*

■■ Under this section, the mental state of knowingly is imputed to the offense of armed criminal action because no mental state is specified for that offense. *State v. Williams*, 126 S.W.3d 377, 385 (Mo. banc 2004). Belton argues that the underlying felony is an element of the offense of armed criminal action; therefore, the underlying offense must include a mental state of purposely or knowingly, not mere recklessness. Accordingly, Belton contends, involuntary manslaughter cannot serve as the underlying felony of armed criminal action.

This Court disagrees. Because section 571.015 specifically provides that it is applicable to "any felony" committed with a deadly weapon, the culpable mental state of the underlying felony is irrelevant. This conclusion is consistent with section 562.026(2), RSMo Supp.1999, which provides that no culpable mental state is to be imputed to an offense if imputation is clearly inconsistent with the purpose of the statute defining the offense or may lead to an absurd or unjust result. As a result, the culpable mental state of purposely or knowingly as imputed to armed criminal action applies only to the use of the weapon and not to the underlying felony. Un-

der this Court's interpretation, Belton acted recklessly in committing the offense of involuntary manslaughter but acted knowingly in committing the offense of armed criminal action. The trial court properly instructed the jury in this regard.

The judgment is affirmed.

WHITE, C.J., WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and BLACKMAR, SR.J., concur.

RUSSELL, J., not participating.