

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                    )
                                             )
        Plaintiff-Respondent,         )
                                             )
v.                                    )    No. SD37780
                                             )    Filed: **August 30, 2023**
CHRISTOPHER N. JOHNSON,               )
                                             )
        Defendant-Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael Pritchett, Circuit Judge

### **<u>AFFIRMED</u>**

Christopher Johnson ("Johnson") appeals the judgment of the Circuit Court of Butler County (the "trial court") convicting him, after a jury trial, of first-degree domestic assault under Section 565.072 and armed criminal action under Section 571.015.[1]  On appeal, Johnson argues the State failed to present sufficient evidence from which a reasonable juror could find Johnson and his alleged victim, T.F., were in a "continuing social relationship of a romantic or intimate nature" as required to find him guilty of first-degree domestic assault under Section 565.072. Johnson also argues the State failed to present sufficient evidence from which a reasonable juror could find Johnson guilty of armed criminal action under Section 571.015 because, in failing to

---

[1] All statutory citations are to RSMo Cum. Supp. 2020.

prove first-degree domestic assault, the State failed to prove armed criminal action, which requires proof of an underlying felony. Finding no merit in Johnson's points, we affirm.

## Factual Background and Procedural History

Johnson's points challenge the sufficiency of the evidence to support his convictions. "On appeal, we view the evidence in the light most favorable to the verdict and grant the State all reasonable inferences that can be drawn from that evidence." *State v. Hilleman*, 634 S.W.3d 709, 711 (Mo.App. 2021). Viewed from this perspective, the following evidence was adduced at trial.

Johnson and T.F. knew each other for around three to five years before the alleged crimes on February 9, 2021. They used to date, had a "romantic and intimate relationship," and engaged in sexual relations "every now and then." On February 9, 2021, T.F. invited Johnson over to her apartment in Poplar Bluff to engage in sexual relations. They were not dating but were still friends. Johnson went to T.F.'s apartment and fell asleep on a couch but did not have sexual relations with T.F. that day. Sometime later, T.F. went to awaken Johnson and became aggravated when Johnson did not wake up. Once Johnson awoke, he and T.F. started to argue and shove each other back and forth. Johnson came after T.F., choked her with both hands, and then left the apartment after a few seconds. T.F. followed him out of the apartment and called 9-1-1. Johnson came back toward T.F. and tried to take the phone from T.F. Johnson struck T.F. on the head with a handgun and then left. T.F. required eighteen stitches from Johnson hitting her in the head with the gun.

The State charged Johnson with first-degree domestic assault under Section 565.072 (Count I), second-degree domestic assault under Section 565.073 (Count II), armed criminal

action under Section 571.015 (Count III), unlawful possession of a firearm under Section 571.070 (Count IV), and unlawful use of a weapon under Section 571.030 (Count V).

Johnson testified and denied he and T.F. had been in a "romantic relationship" because they "only ever had sexual contact with each other." Johnson testified he and T.F. did not have sexual contact on the date of the alleged crimes, which he denied committing. Johnson testified he and T.F. "had sex in the past," had a relationship built around sexual relations, and began their intimate relationship years ago.

The jury found Johnson guilty of Counts I and III-V and found him not guilty of Count II. The trial court entered its judgment and sentenced Johnson to 20 years' imprisonment on Count I, eight years' imprisonment on Count III, 10 years' imprisonment on Count IV, and seven years' imprisonment on Count V, with the Count III sentence to run consecutive to the Count I sentence and the sentences in Counts IV and V to run concurrently to the sentences in Counts I and III. Johnson appealed, challenging only his convictions as to Counts I and III.

### Standard of Review

"When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Boyd*, 659 S.W.3d 914, 925 (Mo. banc 2023) (quoting *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005)). "[G]reat deference is given to the trier of fact, and an appellate court will not weigh the evidence anew." *Id.* (quoting *State v. Alexander*, 505 S.W.3d 384, 393 (Mo.App. 2016)). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *Id.* (quoting *Belton*, 153 S.W.3d at 309).

"We defer to the fact-finder's 'superior position to weigh and value the evidence, determine the witnesses' credibility and resolve any inconsistencies in their testimony.'" *Hilleman*, 634 S.W.3d at 713 (quoting *State v. Lopez-McCurdy*, 266 S.W.3d 874, 876 (Mo.App. 2008)). "Circumstantial rather than direct evidence of a fact is sufficient to support a verdict." *Id.* (quoting *State v. Lehman*, 617 S.W.3d 843, 847 (Mo. banc 2021)). "If circumstantial evidence supports equally valid inferences, it is up to the fact-finder to determine which inference to believe." *Id.*

### Analysis

In Points I and II, Johnson asserts the State failed to present sufficient evidence from which a reasonable juror could find he and T.F. were in a "continuing social relationship of a romantic or intimate nature" as required to find him guilty of first-degree domestic assault under Section 565.072. We disagree.

Under Section 565.072.1, "[a] person commits the offense of domestic assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to a domestic victim, as the term 'domestic victim' is defined under section 565.002." Section 565.002(6) defines "domestic victim" in relevant part as "a household or family member as the term 'family' or 'household member' is defined in section 455.010[.]" Section 455.010(7) defines "household member" in relevant part as "any person who is or has been in a continuing social relationship of a romantic or intimate nature with the victim[.]"

Johnson asserts he and T.F. were not in a "continuing social relationship" on the date of the alleged crimes. But the State did not have to prove that Johnson and T.F. were in a continuing social relationship on the date of the alleged crimes. Section 455.010(7) provides a "household member" includes "any person who is *or has been* in a continuing social

4

relationship[.]" *Id*. (emphasis added). Under the plain language of Section 455.010(7), the State could meet its burden of proof by presenting sufficient evidence that Johnson and T.F. were in or had been "in a continuing social relationship." *See State v. Daniel*, 103 S.W.3d 822, 827 (Mo.App. 2003) (rejecting the argument the State failed to present sufficient evidence of a "continuing social relationship" where the parties' relationship was irregular because "the definition encompasses a relationship that endures despite arguments and break-ups . . . . the word 'continuing' also equates with the words 'lasting' or 'enduring'").

The State presented sufficient evidence from which a reasonable juror could conclude Johnson and T.F. were in or had been in a "continuing social relationship." T.F. testified she had known Johnson for three to five years, dated him, occasionally engaged in sexual relations with him, and invited him over on the date of the alleged crimes "to be intimate" with him. Johnson testified he "built a relationship" with T.F. around sexual relations. Even if the relationship between Johnson and T.F. was volatile and irregular, and even if they did not engage in sexual relations on the date of the alleged crimes, the State presented sufficient evidence from which a reasonable juror could find Johnson and T.F. were in or had been in a "continuing social relationship" as required by Section 565.072 and Section 455.010.

Johnson also asserts the State failed to present sufficient evidence from which a reasonable juror could find a "romantic" or "intimate" relationship between himself and T.F., as required by Section 565.072 and Section 455.010(7). Johnson references his own testimony that he and T.F. traded drugs for sexual favors as proof their relationship was "transactional," not "romantic" or "intimate." But we must view all evidence and reasonable inferences therefrom in the light most favorable to the verdict and disregard all contrary evidence and inferences. *See Hilleman*, 634 S.W.3d at 712. T.F. described her relationship with Johnson as "romantic" and

5

"intimate." T.F. testified she invited Johnson over on the date of the alleged crimes to be "intimate" with him, and T.F. testified she and Johnson had sexual relations multiple times in the preceding years. Johnson testified he and T.F. had been "intimate," had sexual relations, and began their "intimate relationship" years ago. The State presented sufficient evidence from which a reasonable juror could find T.F. and Johnson had a "romantic" or "intimate" relationship. *See also* **Burgess v. State**, 649 S.W.3d 47, 51 (Mo.App. 2022) (holding the State presented sufficient evidence of a "romantic" or "intimate" relationship under Section 455.010 where defendant and victim were not in a relationship or going out on dates but had consensual sexual relations at least once before the alleged assault). Points I and II are denied.

In Point III, Johnson contends the State failed to present sufficient evidence from which a reasonable juror could find him guilty of armed criminal action under Section 571.015 because the State did not prove Johnson committed an underlying felony for the reasons set out in Points I and II. Johnson acknowledges Point III depends on him prevailing on Point I or II. Because we denied Points I and II, Johnson's Point III fails. Point III is denied.

## Conclusion

The trial court's judgment is affirmed.


GINGER K. GOOCH, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

6