

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,       )
                                  )
v.                                )      No. SD38188
                                  )
ANDREW J. COOPER,                 )      **Filed:  August 29, 2025**
                                  )
    Defendant-Appellant.        )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

The Honorable Michael M. Pritchett, Judge

**<u>AFFIRMED</u>**

Andrew J. Cooper ("Cooper") appeals his conviction for armed criminal action following a jury trial in the Circuit Court of Butler County ("trial court").  He raises a single point on appeal in which he argues that the trial court erred in submitting an instruction to the jury on the armed criminal action charge because it "may not be submitted with the underlying felony of involuntary manslaughter in the first degree." Because Cooper's claimed error is not preserved and we decline to review for plain error, the trial court's judgment is affirmed.

1

**Factual History and Procedural Background**

Following a traffic accident which caused A.C.'s ("Victim's) death and multiple injuries to Victim's husband, Cooper was charged by Amended Felony Information with six offenses – the class C felony of involuntary manslaughter in the first degree (Count I); felony armed criminal action (Count II); the class B felony of driving while intoxicated, (Count III); and three counts of the class D felony of driving while intoxicated (Counts IV-VI).[1] The evidence adduced at trial showed the following:

On February 29, 2020, shortly after 9:00 p.m., Victim and her husband were driving home when they were struck by Cooper's Dodge Hellcat at a T-intersection at Columbine and Salcedo Roads in Sikeston, Missouri. The intersection had stop signs at all three sides. At about one second before the crash, Cooper accelerated his vehicle to 90 m.p.h. 107 feet from impact with Victim's vehicle. Cooper failed to heed the stop sign prior to entering the intersection before crashing into Victim's vehicle. As a result of the collision, Victim died and her husband sustained multiple injuries, including two fractured vertebrae, a fractured pelvis, and nerve damage to his knee.

At the instructions conference, the trial court, apparently referencing prior discussions with counsel *off the record*, had the following exchange with defense counsel:

> [Trial Court]: And [Defense counsel], I just want to acknowledge on the record that you don't believe any of these verdict directors should be submitted for the jury's consideration with regard to any of the counts, correct?
>
> [Defense Counsel]: Correct, Your Honor.

---

[1] *See* sections 565.024, 571.015, and 577.010, RSMo Supp. 2017, respectively. All references to statutes are to RSMo 2016, including changes effective January 1, 2017, unless otherwise specified. All rule references are to Missouri Court Rules (2025).

Further addressing defense counsel's self-described "general objection," the trial court subsequently confirmed:

> I'm going to show that [general objection] with regard to every verdict director that's being submitted today. The defendant objects to those counts being submitted to the jury at all. So all that I'm confirming now is the form of those verdict directors.

Finally, at the conclusion of the instructions conference, the following exchange occurred:

> [Trial Court]: Do you have any objections to the instructions that we've compiled today to be submitted to the jury, [Prosecutor]?
>
> [Prosecutor]: No, Your Honor.
>
> [Trial Court]: [Defense counsel], anything other than the verdict directors being submitted?
>
> [Defense Counsel]: Other than what we just said on the record, no.

Accordingly, the record before us does not show that Cooper's defense counsel raised any *specific* objection at trial to Instruction Number 8, the verdict directing instruction for armed criminal action that Cooper now challenges on appeal. Said verdict director instructed the jury as follows:

> As to Count 2, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that [Cooper] is guilty of the offense of involuntary manslaughter in the first degree, as submitted in Instruction No. 7, and
>
> Second, that [Cooper] committed that offense by or with or through the knowing use or assistance of [sic] aid of a dangerous instrument, then you will find [Cooper] guilty under Count 2 of armed criminal action.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Cooper] not guilty of that offense.

Following jury deliberations, Cooper was found guilty of involuntary manslaughter (Count I) and armed criminal action (Count II), and not guilty on the remaining Counts III through VI. Following the jury trial, Cooper waived his right to jury sentencing and the trial court sentenced Cooper to 10 years' imprisonment as to Count I and four years' imprisonment as to Count II, each sentence to be served consecutively to the other, and the trial court entered its judgment reflecting the jury's verdicts and its sentences imposed on Cooper (the "Judgment"). This timely appeal follows the trial court's denial of Cooper's Motion for New Trial in which Cooper asserted there was insufficient evidence to support either of his convictions and that controlling Supreme Court of Missouri precedent -- holding that the culpable mental state of the underlying felony in an armed criminal action is immaterial -- was wrongly decided.

## Analysis

At the outset, Cooper's appeal suffers from several procedural deficiencies which inhibit our review of the case. With respect to the briefing of criminal matters on appeal, Rule 30.06(a) provides that "[t]he form and contents of the briefs shall contain the material prescribed by Rule 84.04 and Rule 84.06." Here, Cooper's briefing fails to set forth (1) a proper preservation statement asserting how the alleged error was properly preserved for appellate review and (2) a recitation of the actual instruction being challenged in contravention of Rule 84.04(e), which requires, *inter alia*:

> The argument shall substantially follow the order of "Points Relied On." . . . For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.

4

If a point relates to the giving, refusal or modification of an instruction, such instruction shall be set forth in full in the argument portion of the brief.

"Rule 84.04's requirements are mandatory[.]" **Fowler v. Mo. Sheriffs' Ret. Sys.**, 623 S.W.3d 578, 583 (Mo. banc 2021). Consequently, "[a]n appellant's failure to . . . demonstrate preservation of the alleged error[] as required by Rule 84.04(e) is grounds for dismissal." **State v. Yount**, 710 S.W.3d 49, 58 (Mo. App. S.D. 2025), *reh'g and/or transfer denied* (Feb. 28, 2025), *transfer denied* (Apr. 29, 2025).

Cooper's failure to provide the required preservation statement undermines the efficacy of his appeal in this case. Indeed, the record indicates that Cooper in fact failed to properly preserve the instructional error he now alleges on appeal. "To preserve a claim of instructional error, a defendant must make a specific objection to the instruction and the grounds of the objection [before the jury retires to consider its verdict]; the same objection must be renewed in the motion for a new trial." **State v. Welch**, 600 S.W.3d 796, 806 (Mo. App. E.D. 2020) (citing Rule 70.03); *see also* Rule 28.03. "If a party fails to lodge a specific and timely objection at trial *and* in the motion for new trial, the claimed instructional error is not preserved for review." **State v. Kerksiek**, 670 S.W.3d 32, 41 (Mo. App. W.D. 2023) (emphasis added). As shown in the portions of the instructions conference recited above, Cooper made no objection *on the record* at trial to the specific verdict director he now challenges on appeal, Instruction No. 8, much less an objection to said verdict director on the specific basis that involuntary manslaughter cannot serve as the underlying felony for an armed criminal action due to the former offense's lesser culpable mental state. At most, the record merely evinces a "general objection" by Cooper on unstated grounds to any of the verdict directors being submitted

5

to the jury at all. This is simply insufficient to preserve the particular instructional error Cooper alleges under Point I for appellate review.

Accordingly, only plain error review is potentially available to Cooper on appeal. *State v. Garoutte*, 694 S.W.3d 624, 627 (Mo. App. W.D. 2024). However, "[t]he plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014)). "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *Yount*, 710 S.W.3d at 64-65 (quoting *State v. Phillips*, 687 S.W.3d 642, 647 (Mo. banc 2024)). Furthermore, "[t]he party seeking plain error review bears the burden of proving plain error occurred and that it resulted in manifest injustice or miscarriage of justice." *Id.* at 65. Here, having failed to brief the preservation of the instructional error alleged under Point I, Cooper does not request plain error review for said error nor provide a plain error analysis or otherwise facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. We therefore decline to exercise our discretion to apply plain error review in this case.

Even if we were to review for plain error or otherwise reach the merits of the point nominally alleged in Cooper's brief, Point I would fail as a matter of law. Section 571.015.1 defines the offense of armed criminal action as follows:

> [A]ny person who commits *any felony* under the laws of this state by, with, or through the use, assistance, or aid of a *dangerous instrument* or deadly weapon is also guilty of the crime of armed criminal action . . . .

6

(Emphasis added).  "Because the definition of armed criminal action does not expressly state a culpable mental state and a culpable mental state is required, armed criminal action requires a culpable mental state of acting *purposely*[2] or *knowingly*.[3]"  **State v. Williams**, 126 S.W.3d 377, 382 (Mo. banc 2004) (emphasis added) (citing section 562.021.3[4]), *as modified on denial of reh'g* (Feb. 24, 2004).  In contrast, "[a] person commits the [felony] of involuntary manslaughter in the first degree if he or she *recklessly*[5] causes the death of another person."  Section 565.024.1 (emphasis added).  Thus, Cooper argues, involuntary manslaughter cannot serve as the underlying felony for armed criminal action because the culpable mental states for the respective offenses are different and incompatible.

However, his briefing essentially concedes that Point I fails because our Court is bound to follow the most recent controlling decision of the Supreme Court of Missouri as

---

[2] "A person **'acts purposely'**, or with purpose, with respect to his or her conduct or to a result thereof when it is his or her conscious object to engage in that conduct or to cause that result." Section 562.016.2.

[3] Under section 562.016.3:

> A person **"acts knowingly"**, or with knowledge:
> (1) With respect to his or her conduct or to attendant circumstances when he or she is aware of the nature of his or her conduct or that those circumstances exist; or
> (2) With respect to a result of his or her conduct when he or she is aware that his or her conduct is practically certain to cause that result.

[4] Under section 562.021.3:

> [I]f the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state.

[5] "A person **'acts recklessly'** or is reckless when he or she consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation."  Section 562.016.4.

set forth in ***State v. Belton***, 153 S.W.3d 307, 310-11 (Mo. banc 2005).[6]  We agree with the parties that ***Belton*** is squarely on-point and controlling here.  *See also* ***State v. Jacobson***, 526 S.W.3d 228, 233-34 (Mo. App. W.D. 2017) (applying ***Belton*** to a drunk driving case and affirming that operating a motor vehicle can constitute use of "dangerous instrument" for the purposes of an armed criminal action), *reh'g and/or transfer denied* (Jun. 29, 2017), *transfer denied* (October 5, 2017).  In ***Belton***, the defendant alleged that the trial court erroneously instructed the jury on an armed criminal action charge with involuntary manslaughter in the first degree as the underlying offense.[7]  153 S.W.3d at 310.  Like Cooper, the defendant in ***Belton*** argued on appeal that involuntary manslaughter could not serve as the underlying felony for armed criminal action because of the differing culpable mental states of the respective offenses.  ***Id.***  Finding that the trial court had properly instructed the jury, the Supreme Court directly rejected this argument and held that, because armed criminal action statutorily encompasses "any felony," the culpable mental state of the underlying felony is "irrelevant."  ***Id.***  Cooper argues that the Supreme Court's decision in ***Belton*** was

---

[6] Cooper makes no argument that the operative facts here are distinguishable from those in ***Belton***.

[7] The armed criminal action instruction given in ***Belton*** (which virtually mirrors the subject instruction challenged here) directed that the defendant could be found guilty if the jury determined that:

> First, that defendant is guilty of the offense of involuntary manslaughter, as submitted in Instruction No. 6, and

> Second, that defendant knowingly committed that offense by or with or through the use or assistance or aid of a deadly weapon[.]

153 S.W.3d at 310.

wrongly decided but again acknowledges we are bound to follow it.[8] Cooper admits he only raises the issue of the armed criminal action jury instruction in his appeal to this Court in an effort to preserve his claim in the event this matter is ultimately transferred to the Supreme Court of Missouri. Point denied.

**Conclusion**

The Judgment is affirmed.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

---

[8] *See* Mo. Const. art. V, § 2; *see also* **State v. Rulo**, 976 S.W.2d 650, 653 (Mo. App. S.D. 1998).